United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOEL MILLICAN, et al.,

    Plaintiffs,

v.

FORD MOTOR COMPANY, et al.,

    Defendants.

No. C 19-05348 WHA

**ORDER REMANDING CASE**

## INTRODUCTION

This is an automobile "Lemon Law" case. Defendants removed; plaintiffs seek remand. The crux is whether an in-state defendant was fraudulently joined. Finding possible recovery against the in-state defendant, the motion to remand is **GRANTED**.

## STATEMENT

Plaintiffs purchased a Ford Fusion in June of 2013. Ford warranted against defect and committed to repair should a defect occur. During the warranty period, a defect developed. Plaintiffs took the vehicle to Penske Ford for repair, but the attempts were unsuccessful. Ford declined to promptly replace the vehicle or pay restitution (Dkt. No. 16-2 at 3–4), and plaintiffs sued Ford under, among others, California's "Lemon Law" and Penske Ford for negligent repair (Dkt. No. 1-2 at ¶¶ 12–55).

**ANALYSIS**

A defendant may remove a case to federal court under diversity jurisdiction if the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441. But, the defendant bears the burden to prove the circumstances supporting jurisdiction. There is a "strong presumption against removal jurisdiction" and "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Additionally, "[d]iversity removal requires *complete* diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *GranCare, LLC v. Thrower By & Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

There is an exception. A "fraudulently joined" in-state defendant does not preclude diversity jurisdiction. *See ibid.* There are two ways to prove fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional fact;" or, relevant here, "(2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Ibid.* The bar is high; a plaintiff's inability to recover must be "***obvious*** according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (emphasis added). "If there is a ***possibility*** that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Hunter*, 582 F.3d at 1046 (emphasis added). And, a "district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *GranCare*, 889 F.3d at 550.

Defendants contend plaintiffs' sole claim against in-state Penske Ford, for negligent repair, is barred by the economic loss rule. The subject of the suit is a car, not its components, and plaintiffs do not allege the vehicle caused personal injury or damage to *other* property. Thus, the economic loss rule prohibits tort recovery on what is essentially a breach of contract claim (Dkt. No. 22 at 4–6).

But it is not ***obvious*** under California law that plaintiffs have no hope of recovery against Penske Ford. True, the economic loss rule generally bars tort recovery unless "a product defect causes damage to 'other property,' that is, property *other than the product itself.*" *Jimenez v.*

*Sup. Ct.*, 58 P.3d 450, 456 (Cal. 2002). Yet "California decisional law has long recognized that the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g. a window) causes to other portions of a larger product (e.g., a house) into which the former is incorporated." *Id*. at 457. Indeed, the California Supreme Court has recognized "that the concept of recoverable physical injury or property damage ha[s] over time expanded to include damage to one part of a product cause by another, defective part." *Ibid.* (quotation marks omitted).

Here, plaintiffs allege Penske Ford failed to "store, prepare, and repair the Subject Vehicle in accordance with industry standards" (Dkt. No. 1-2 ¶ 54). And they allege a litany of defective components, particularly an engine defect (*id*. ¶¶ 10, 42). Plaintiffs' claim for negligent repair against Penske Ford may be threadbare, but the question is not whether plaintiffs will prevail on the merits, or even withstand a Rule 12(b)(6) motion — the question is whether California law *obviously* forecloses plaintiffs' claim. *See GranCare*, 889 F.3d at 550; *Morris*, 236 F.3d at 1067. So long as the "duty of a product manufacturer to prevent property damage does not necessarily end when the product is incorporated into a larger product," California's economic loss rule does not bar recovery if the alleged defect damages *other* components of the vehicle. *See Jimenez*, 58 P.3d at 457. Plaintiffs could so amend their complaint and this leaves a "possibility" of recovery from Penske Ford. *See GranCare*, 889 F.3d at 548, 550. Thus, joinder was proper, and diversity is incomplete.

## CONCLUSION

Joinder of in-state defendant Penske Ford being proper, and complete diversity under 28 U.S.C. § 1332 unsatisfied, plaintiffs' motion to remand is **GRANTED**.

**IT IS SO ORDERED.**

Dated: December 20, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE